**SEIKO EPSON CORP., a Japanese corporation; Epson America, Inc., Plaintiffs–Appellees,**

v.

**STARTECH INTERNATIONAL COMPUTER SUPPLIES, an entity of unknown form; HMB Trading Group, Inc., an entity of unknown form; Hanif Balagam, aka Henry Balagam; Rafique Balagam, an individual, Defendants–Appellants,**

and

**Inter–Globe USA, Inc, a California corporation; Morty Berger, an individual, Defendants.**

No. 05–55461.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2007.

Filed June 1, 2007.

Sheri Flame Eisner, Esq., Pillsbury Winthrop Shaw Pittman LLP, Los Angeles, CA, for Plaintiffs–Appellees.

Kennan E. Kaeder, Esq., Attorney at Law, San Diego, CA, for Defendants–Appellants.

Arthur H. Skola, Esq., A.H. Skola and Associates, San Diego, CA, for Defendants.

Before: REINHARDT, BEEZER and KOZINSKI, Circuit Judges.

## MEMORANDUM *

1. In the event of a breach, the Settlement Agreement states that "the Court in the Federal Action shall retain jurisdiction over this Settlement Agreement.... Epson *may* promptly file a declaration in the Federal Action requesting that the Court reinstate the Federal Action to active status." (Emphasis added.) [ER 43.] This does not limit Epson's remedy to reinstatement, and so the district court did not err in using contempt proceedings.

2. Overwhelming evidence suggested that Startech had failed to deliver the counterfeit cartridges, which were listed by model number. Startech's failure to do so cost Epson sales and goodwill. The district court thus did not err in determining that compensatory damages amounted to $38,252. *See United States v. Ayres,* 166 F.3d 991, 995–96 (9th Cir.1999) (no evidentiary hearing required when "overwhelming evidence" supports contempt finding).

3. Startech was required under the Settlement Agreement to pay $14,000 in

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

addition to delivering the counterfeit cartridges. Because the $38,252 was compensation for Startech's failure to deliver the cartridges, the district court properly refused to apply a $14,000 offset.

4. The district court did not err in refusing to consider Startech's inability to pay this compensatory fine because in compensatory contempt proceedings, courts need only consider appropriate compensation. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04, 67 S.Ct. 677, 91 L.Ed. 884 (1947).

5. Because Startech could not comply with the order to deliver the inkjet cartridges, the per diem fine was a coercive fine that enforced the award of $38,252. Federal courts may not "enforce a money judgment by contempt ... except in cases where established principles so warrant." *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir.1983) (internal quotations omitted). Startech's prior failures to pay do not warrant the use of a coercive fine. *See id.* at 1143.

＊　　＊　　＊

We **AFFIRM** the district court's imposition of a compensatory fine of $38,252. We **REVERSE** the district court's imposition of a coercive fine of $500 per day. The parties shall bear their own costs.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.